828 F.2d 18
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Sharon Ellen WOODRUM, Plaintiff-Appellant,
v.
Margaret M. HECKLER, Secretary of Health and Human Service,
Defendant-Appellee.
 No. 86-1110
 United States Court of Appeals, Fourth Circuit.
 Argued January 6, 1987.
Decided August 20, 1987.
 
 David W. Johnson, Law Offices of Sterl F. Shinaberry, on brief, for appellant.
 David A. Faber, United States Attorney, Gary E. Pullin, Assistant United States Attorney, Beverly Dennis, III, Chief Counsel, Region III, Charlotte Hardnett, Supervisory Assistant, Regional Counsel, Anita D. Eve, Assistant Regional Counsel, Office of the General Connsel, Department of Health & Human Services, on brief, for appellee.
 Before WIDENER and CHAPMAN, Circuit Judges, and SIMONS, Senior District Judge for the District of South Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 The claimant, Sharon Woodrum, appeals from the order of the district court granting summary judgment in favor of the Secretary of Health and Human Services, upholding the denial of benefits. We vacate and remand.
 
 
 2
 Claimant contends that the ALJ erred in applying the grids found at 20 C.F.R. Sec. 404, subpart P, Appendix 2, in determining whether she was disabled and we agree. Where non-exertional impairments are suffered, it is well-settled that the grids may not be relied upon as conclusive to direct a finding of no disability. Rather, the grids may be used only as a guideline. See, e.g., Wilson v. Heckler, 743 F.2d 218, 222 (4th Cir. 1984).
 
 
 3
 The ALJ found that the claimant did not suffer 'any significant degree of pain,' but this finding is not supported by substantial evidence. Throughout the course of this claim, a primary complaint of Mrs. Woodrum has been pain. Almost every doctor who has examined Mrs. Woodrum has noted her complaints of pain, and she testified as to the pain she suffers. It is unquestioned that she suffers from both spondylolysis and spondylolisthesis, both of which objectively support a finding of pain. See, e.g., The Merck Manual 1240 (14th ed. 1982) p. 1289-40, 1379-80. The ALJ, however, did not account for this evidence, as well as other evidence tending to indicate that the claimant suffered significant pain. For example, he stated in his opinion, in connection with the existence of pain, that 'no one who has observed the claimant in connection with this claim. . . has noted any abnormality of gait, station, or any guarding motion to protect her back,' despite reports from examining or treating physicians explicitly noting just these things. For example, in his report on October 13, 1983, Dr. A. A. Abplanalp, an orthopedist, stated that claimant 'walked not only with the slight hitch to her gait but also with a guarded gait.'
 
 
 4
 We also feel it is necessary to remind against the ALJ's should not, as happened here, base their decisions about the pain suffered by claimants on their own observations of the claimant at the hearing. An ALJ is not a qualified physician, and discounting evidence of pain based on the claimant's demeanor during the hearing might encourage claimants to manufacture convincing symptoms, or discourage claimants entirely for fear that they will not appear to be as bad as they feel. See, e.g., Freeman v. Schweiker, 681 F.2d 727, 731 (2d Cir. 1982).
 
 
 5
 Since the ALJ's finding that the claimant did not suffer significant pain is not supported by substantial evidence, and since pain is a non-exertional limitation, the Secretary erred in applying the grids to direct a finding of no disability. The judgment of the district court is vacated and the case is remanded to the district court for further remard to the Secretary for a new hearing to determine the eligibility of the claimant for disability benefits. At this hearing the parties may introduce such additional relevant evidence as they may be so advised.
 
 
 6
 VACATED AND REMANDED.